### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERBERT DIGGS, | |
| **Plaintiff,** | |
| v. | Case No. 25-cv-00157-SPM |
| WEXFORD HEALTH SOURCES INCORPORATED, MEDICAL DIRECTOR MYERS, BOB BLUM, DAVID MICHEL, and JUANETA HAN, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Herbert Diggs, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Pinckneyville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges the following: On May 21, 2023, Plaintiff punched a door breaking his hand. (Doc. 1, p. 7, 25). That same day, he was seen by Nurse Juaneta Han. She noted swelling and applied an ace wrap. Han, however, did not refer Plaintiff to be seen by the medical doctor. On May 24, Plaintiff had an appointment with Nurse Practitioner Blum. Plaintiff requested a splint

and x-rays, but Blum told Plaintiff that there was nothing he could do until the swelling reduced. Blum did not give Plaintiff any medical treatment for his broken hand. (*Id.*).

From May 24 through May 29, 2023, while Plaintiff was receiving treatment for hypertension, he repeatedly showed nurses his hand and asked for x-rays to be taken. (Doc. 1, p. 7). The nurses told Plaintiff that his hand was broken and that they would put him on the list for x-rays, but they did not. (*Id.*).

Plaintiff saw Nurse Practitioner Blum a second time on May 30, 2023, and Blum ordered x-rays. Blum did not give Plaintiff a splint. (Doc. 1, p. 7).

Plaintiff had x-rays taken on June 9, 2023, twenty days after the initial injury to his hand. (Doc. 1, p. 7). Plaintiff saw Dr. Myers later that day. Dr. Myers told Plaintiff that there was nothing he could do until he reviewed the x-ray results. Dr. Myers also denied Plaintiff a splint. (*Id.*).

On June 15, 2023, Plaintiff had a third appointment with Nurse Practitioner Blum. (Doc. 1, p. 7). Blum diagnosed Plaintiff as having two broken fingers, and Blum ordered an appointment with an orthopedic doctor. By this time, Plaintiff's hand had started to "heal deformed." (*Id.*).

On June 21, 2023, Plaintiff wrote to Warden Michel about the inadequate medical care he was receiving. (Doc. 1, p. 7). Plaintiff did not receive a response to his letter. (*Id.*).

Plaintiff had an appointment with Dr. Malhern at an outside orthopedic clinic on October 5, 2023. (Doc. 1, p. 8). Dr. Malhern told Plaintiff that it was too late to perform surgery because Plaintiff's hand had completely healed. Dr. Malhern told Plaintiff that if he had treated Plaintiff earlier, he could have set the two fingers, but now it was too late. Dr. Malhern recommended physical therapy. Plaintiff was then referred to see Dr. Myers, but he was not again treated by Dr. Myers for his hand. (*Id.*).

Plaintiff had an appointment with Nurse Practitioner Blum on October 16, 2023. (Doc. 1, p. 8). At the appointment, Blum told Plaintiff that he did not have Plaintiff's chart. Plaintiff told

Blum that Dr. Malhern had recommended physical therapy. Blum told Plaintiff that he would order

physical therapy, but he did not. It was not until, January 19, 2024, that Physician Assistant Ashini

ordered physical therapy for Plaintiff's hand. (*Id.*).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the

following count:

> **Count 1:**    Eighth Amendment claim against Wexford Health Sources, Incorporated, Medical Director Myers, Bob Blum, David Michel, and Juaneta Han for deliberate indifference to Plaintiff's hand injury.

The parties and the Court will use this designation in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice**

**as inadequately pled under the *Twombly*[1] pleading standard.**

To state an Eighth Amendment claim for deliberate indifference, a prisoner must allege

facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the

defendant acted with deliberate indifference to his medical needs. *Rasho v. Elyea,* 856 F. 3d 469,

475 (7th Cir. 2017). Furthermore, in order to assert liability for damages under Section 1983, the

plaintiff must plead that each defendant was personally involved in the deprivation of a

constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

Count 1 shall proceed against Nurse Practitioner Blum and Dr. Myers for delaying and/or

denying Plaintiff constitutionally adequate medical care for his hand.

Count 1, however, is dismissed as to the other defendants. The conduct attributed to Nurse

Han does not arise to the level of deliberate indifference. According to the Complaint and the

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

attached exhibits, Nurse Han cleaned Plaintiff's wound, noted swelling, and applied an ace wrap. Plaintiff claims that Nurse Han acted with deliberate indifference by not referring him to the doctor, but he was seen by a nurse practitioner three days later. Nurse Han's actions during their one interaction, while maybe negligent or even grossly negligent, do not support a claim for deliberate indifference. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

Plaintiff has also failed to state claim against Warden Michel, as writing a single letter to Warden Michel about his inadequate medical care is insufficient to support personal liability. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (state officials "do not have a free-floating obligation to put things to rights," simply sending an official a letter does not expose them to Section 1983 liability for failing to respond, and IDOC officials are entitled to delegate to the prison's medical staff the provision of adequate care). Furthermore, Plaintiff's Eighth Amendment claim cannot proceed against Warden Michel simply because he held a supervisory position. The doctrine of respondeat superior does not apply to actions filed under Section 1983, and therefore, Warden Michel cannot be held liable for the errors of his subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

And finally, Count 1 is dismissed as to Wexford Health Sources Incorporated (Wexford). Plaintiff alleges that Wexford "promulgated rules, regulations, policies, and procedures for the medical screening, treatment, and overall medical care of inmates…Wexford's policies were implemented by and through its employees who were responsible for my medical care (inadequate)." (Doc. 1, p. 7). Plaintiff's assertion that an unspecified Wexford policy or practice resulted in a constitutional deprivation is conclusory and not supported by any factual allegations in the Complaint. Wexford cannot be held vicariously liable for the conduct of its employees, and there is nothing in the pleadings from which the Court can infer that medical staff made treatment decisions pursuant to a Wexford policy or practice. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (U.S.

2009) ("naked assertions devoid of further factual enhancement" are not sufficient to state a claim).

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] Plaintiff discloses several unsuccessful efforts to contact attorneys via written correspondence and attached letters declining representation from three law firms. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he is unable to make legal arguments or structure documents for the courts. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's limited legal knowledge is not unique to him as a pro se litigant and does not warrant recruitment of counsel at this time. Plaintiff is a college graduate, and his pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at these early stages in the case. Once discovery on the merits has commenced, if Plaintiff has significant difficulty, he may refile his motion.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Blum and Myers and is **DISMISSED without prejudice** as to Wexford Health Sources Incorporated, Michel, and Han. Because there are no surviving claims against Wexford Health Sources Incorporated, Michel, and Han, the Clerk of Court is **DIRECTED** to terminate them as parties on the docket.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Defendants Myers and Blum the following: (1)

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:   June 26, 2025**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.